**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LAURELAINE FREEMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case Number: |
| MYUNG "ANGELO" S. PARK, | § | |
| KNOCKOUT SPORTS BAR, LLC, KOSB | § | |
| ADDISON LLC d/b/a KNOCKOUT | § | |
| SPORTS BAR, KOSB ARLINGTON | § | |
| ARENA LLC d/b/a KNOCKOUT SPORTS | § | |
| BAR AND KNOCKOUT SPORTS | § | |
| ARENA, KOSB ARLINGTON, LLC d/b/a | § | |
| KNOCKOUT SPORTS BAR, KOSB DEEP | § | |
| ELLUM, LLC, d/b/a KNOCKOUT | § | |
| SPORTS BAR, KOSB FORT WORTH | § | |
| LLC, d/b/a KNOCKOUT SPORTS BAR, | § | |
| DN-KO THE COLONY, LLC d/b/a | § | |
| KNOCKOUT SPORTS BAR, | § | |
| | | |
| *Defendants*. | | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Myung "Angelo" S. Park,

Knockout Sports Bar, LLC, KOSB Addison LLC d/b/a Knockout Sports Bar, KOSB Arlington

Arena LLC d/b/a Knockout Sports Bar and Knockout Sports Arena, KOSB Arlington, LLC d/b/a

Knockout Sports Bar, KOSB Deep Ellum, LLC d/b/a Knockout Sports Bar, and KOSB Fort

Worth LLC, d/b/a Knockout Sports Bar (collectively referred to as "Defendants") file this Notice

of Removal of the above-entitled action from the 101st Judicial District Court in Dallas County,

Texas to the United States District Court for the Northern District of Texas, Dallas Division, and

would respectfully show the Court the following:

**I.     BACKGROUND**

1.     On November 28, 2022, Plaintiff Laurelaine Freeman ("Freeman" or "Plaintiff"),

filed Cause No. DC-22-16341, styled *Laurelaine Freeman v. Myung "Angelo" S. Park, Knockout Sports Bar, LLC, KOSB Addison LLC d/b/a Knockout Sports Bar, KOSB Arlington Arena LLC d/b/a Knockout Sports Bar and Knockout Sports Arena, KOSB Arlington, LLC d/b/a Knockout Sports Bar, KOSB Deep Ellum, LLC d/b/a Knockout Sports Bar, KOSB Fort Worth LLC, d/b/a Knockout Sports Bar, DN-KO The Colony, LLC d/b/a Knockout Sports Bar*, in the 101st Judicial District Court of Dallas County, Texas. *See* Exh. C-1, Plaintiff's Original Petition.

2.      Counsel for Defendants were served a courtesy copy of Plaintiff's Original Petition on November 28, 2022.

3.      On December 5, 2022, counsel for Defendants accepted service on behalf of Defendants Myung "Angelo" S. Park, Knockout Sports Bar, LLC, KOSB Addison LLC d/b/a Knockout Sports Bar, and KOSB Deep Ellum, LLC d/b/a Knockout Sports Bar.

4.      On December 22, 2022, Defendants Myung "Angelo" S. Park, Knockout Sports Bar, LLC, KOSB Addison LLC d/b/a Knockout Sports Bar, KOSB Addison LLC d/b/a Knockout Sports Bar, KOSB Arlington Arena LLC d/b/a Knockout Sports Bar and Knockout Sports Arena, KOSB Arlington, LLC d/b/a Knockout Sports Bar, KOSB Deep Ellum, LLC d/b/a Knockout Sports Bar, and KOSB Fort Worth LLC d/b/a Knockout Sports Bar filed their Original Answer in the pending state court action. *See* Exh. C-2, Defendants' Original Answer.

5.      Upon information and belief, Defendant DN-KO The Colony, LLC d/b/a Knockout Sports Bar has not been served in this action.

6.      Defendant DN-KO The Colony, LLC d/b/a Knockout Sports Bar has nonetheless indicated its consent to Defendants' Notice of Removal, as further demonstrated by its forthcoming notice of consent upon service.

7.      In the pending action, Plaintiff asserts claims against Defendants for sex/gender

and national origin discrimination, sexual harassment/quid pro quo/hostile work environment, and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), willful misclassification under the Fair Labor Standards Act ("FLSA"), breach of oral contract, quantum meruit, promissory estoppel, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See* Exh. C-1, Plaintiff's Original Petition.

## II.    PROCEDURAL PREREQUISITES

8.    Within thirty (30) days after service of Plaintiff's Original Petition, Defendants timely file this Notice of Removal based upon federal question jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1446(b).

9.    Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, as Plaintiff originally filed this matter in Dallas County, Texas—a  place embraced by the district and division of this Court. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(1).

10.    In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, true and correct copies of required process, pleadings, orders, and documents filed in the state court action, listed below, are attached and incorporated by reference herein.

Exhibit A: Index of Pleadings Filed in State Court

Exhibit B: State Court Docket Sheet

Exhibit C-1: Plaintiff's Original Petition

Exhibit C-2: Defendants' Original Answer

Exhibit D: Certificate of Interested Parties and Disclosure Statement

11.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will provide Plaintiff with written notice of filing of this Notice of Removal, and a copy of such notice will be filed with the clerk of the 101st Judicial District Court of Dallas County,

Texas. A copy of Defendants' Notice of Filing of Notice of Removal to be filed in state court is attached hereto as Exhibit E.

12. Pursuant to Fed. R. Civ. P. 11, the undersigned certify that they have read the Notice of Removal and that, to the best of their knowledge, information and belief formed after reasonable inquiry, the removal of the action accomplished by this Notice of Removal is warranted by existing law and that this Notice of Removal is not filed for any improper purpose.

### III.    BASIS OF REMOVAL

13. This Court has subject matter jurisdiction because Plaintiff's action involves multiple claims "arising under the Constitution, laws, or treaties of the United States"— specifically, Title VII and the FLSA. *See* 28 U.S.C. § 1331; *see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting that 28 U.S.C. § 1331 is invoked "by and large by plaintiffs pleading a cause of action created by federal law"); *see also* Exh. C-1, Plaintiff's Original Petition.

14. Under 28 U.S.C. § 1331, "federal courts have jurisdiction (even over suits with only a state-law cause of action) when the case presents a federal question that is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress.'" *Ibarra Consulting Engineers Inc. v. Jacobs Eng'g Grp. Inc.*, 579 F.Supp.3d 850, 854 (N.D. Tex. 2022) (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

15. Plaintiff asserts federal causes of action against Defendants for, among others, (i) discriminating against Plaintiff because of her sex/gender in violation of Title VII, (ii) sexually harassing Plaintiff and subjecting her to quid pro quo in violation of Title VII, (iii) sexually harassing Plaintiff and creating a hostile working environment in violation of Title VII, (iv)

discriminating against Plaintiff because of her national origin in violation of Title VII, (v) creating a harassing/hostile work environment because of Plaintiff's national origin in violation of Title VII, (vi) retaliating against Plaintiff in violation of Title VII, and (vii) willfully misclassifying Plaintiff under the FLSA. *See* Exh. C-1, Plaintiff's Original Petition.

16.    Plaintiff's action raises federal questions by virtue of Defendants' "alleged nonconformity with [multiple] federal law[s]." *Ibarra Consulting Engineers*, at 855; *see also* Exh. C-1, Plaintiff's Original Petition.

17.    The federal issues are disputed, as Defendants deny all of Plaintiff's allegations. *See* Exh. C-2, Defendants' Original Answer.

18.    The federal questions presented are substantial and include an interpretation of federal laws (Title VII and the FLSA) (*i.e.* whether Defendants are considered an "employer" and whether Plaintiff is considered an "employee" of Defendants under Title VII), the duties imposed thereunder, and a determination of whether such federal laws were violated by Defendants.

19.    Resolution of such federal issues in a federal forum would not "materially affect, or threaten to affect, the normal currents of litigation" through an "enormous shift" of traditional state cases to the federal docket, and thus, the federal issues are capable of resolution without disrupting the federal-state balance. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005); *see also Ibarra Consulting Engineers*, at 857.

20.    In addition to this Court's original jurisdiction pursuant to 28 U.S.C. § 1331, this Court also has supplemental jurisdiction over Plaintiff's remaining claims, as they are so related to Plaintiff's claims in the action within the Court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367.

## IV.    CONCLUSION

WHEREFORE, Defendants effectuate removal of civil action pending in the 101st Judicial District Court of Dallas County, Texas, styled *Laurelaine Freeman v. Myung "Angelo" S. Park, Knockout Sports Bar, LLC, KOSB Addison LLC d/b/a Knockout Sports Bar, KOSB Arlington Arena LLC d/b/a Knockout Sports Bar and Knockout Sports Arena, KOSB Arlington, LLC d/b/a Knockout Sports Bar, KOSB Deep Ellum, LLC d/b/a Knockout Sports Bar, KOSB Fort Worth LLC, d/b/a Knockout Sports Bar, DN-KO The Colony, LLC d/b/a Knockout Sports Bar*, Cause No. DC-22-16341, to the United States District Court for the Northern District of Texas, Dallas Division.

DATED this 28th day of December, 2022.

Respectfully submitted,

*/s/ Robert (Bobby) Lee*
**Keith A. Clouse**
State Bar No. 04410300
keith@clousebrown.com
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@clousebrown.com
**Jesse Clouse**
State Bar No. 24105614
jclouse@clousebrown.com
**CLOUSE BROWN PLLC**
1201 Elm Street, Suite 5250
Dallas, Texas 75270-2142
Telephone: (214) 698-5100
Facsimile: (214) 481-8881

***COUNSEL FOR DEFENDANTS***

**CERTIFICATE OF SERVICE**

I certify that on December 28th, 2022, a true and correct copy of the foregoing document

was served on all counsel of record via the Court's CM/ECF system.

**Dave Wishnew**
State Bar No. 24052039
dwishnew@cwl.law
**Camille A. Avant**
State Bar No. 24084397
cavant@cwl.law
**MaKenzie Craft**
State Bar No. 24110753
mcraft@cwl.law
**CRAWFORD WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201

*COUNSEL FOR PLAINTIFF*

*/s/ Robert (Bobby) Lee*
Robert (Bobby) Lee